PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts |
|---|---|
| Name  Satron Pridgen | Prisoner No.                         Case No. |
| Place of Confinement  Massachusetts Correctional Institution at Shirley | |
| Name of Petitioner (include name under which convicted)  Satron Pridgen | Name of Respondent (authorized person having custody of petitioner)  v.  Paul Verdini, Superintendent and Thomas F. Reilly, Attorney General |
| The Attorney General of the State of:  Massachusetts | |

PETITION   04-10035 RWZ

1. Name and location of court which entered the judgment of conviction under attack  Worcester Superior Court, 2 Main Street, Worcester, MA  01608

2. Date of judgment of conviction  November 17, 1999

3. Length of sentence  Not less than nine years and not more than ten years

4. Nature of offense involved (all counts)  Assault and Battery by means of a Dangerous Weapon in violation of Massachusetts general Laws c. 269, §15A(b), as a joint venturer

5. What was your plea? (Check one)
   (a) Not guilty  [X]
   (b) Guilty  [ ]
   (c) Nolo contendere  [ ]
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  [X]
   (b) Judge only  [ ]

   SCANNED
   DATE: 1-7-04
   BY: ___

7. Did you testify at the trial?
   Yes [ ]   No [X]

8. Did you appeal from the judgment of conviction?
   Yes [X]   No [ ]

Recpt
#52961
5.00 paid

(2)

9. If you did appeal, answer the following:

   (a) Name of court   Massachusetts Appeals Court

   (b) Result   Conviction affirmed

   (c) Date of result and citation, if known   April 8, 2002, Appeals Court Docket No. 2001-P-0049
   54 Mass. App. Ct. 1110

   (d) Grounds raised   1) Joinder of co-defendants' trials resulted in prejudice so compelling as to deny petitioner a fair trial; 2) court erred in denying petitioner's motion for a required finding of not guilty because the evidence was insufficient to convict petitioner of assault and battery by means of a dangerous weapon as a joint venturer

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court   Massachusetts Supreme Judicial Court

      (2) Result   Motion for Leave to Obtain Further Appellate Review denied

      (3) Date of result and citation, if known   June 6, 2002; SJC Docket No. FAR-12597; 437 Mass. 1103

      (4) Grounds raised   1) Joinder of co-defendants' trials resulted in prejudice so compelling as to deny petitioner a fair trial; 2) Evidence was insufficient to convict petitioner of assault and battery by means of a dangerous weapon as a joint venturer

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court   United States Supreme Court

      (2) Result   Petition for Writ of Certiorari denied

      (3) Date of result and citation, if known   January 13, 2003; U.S. Supreme Court Docket No. 02-7216; 537 U.S. 1123

      (4) Grounds raised   1) Petitioner denied Due Process under the 14th Amendment because improper joinder of co-defendants' trials allowed jury to unjustifiably infer that both defendants were guilty; 2) Petitioner denied Due Process where evidence was insufficient to convict him of assault and battery by means of a dangerous weapon on a joint venture basis.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court   _____

      (2) Nature of proceeding   _____

      (3) Grounds raised   _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Name of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐   No ☐
(2) Second petition, etc.   Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The state court's decision to join the petitioer's and his co-defendant's trials constituted an unreasonable application of clearly established federal law and was based on an unreasonable determination of the facts in light of evidence presented in the state court proceedings, resulting in prejudice so compelling as to deny petitioer a fair trial.

Supporting FACTS (state *briefly* without citing cases or law): Co-defendant's and petitioer's counsel both moved for severance prior to trial on the basis of antagonistic defenses, arguing that, due to anticipated evidence that this incidence took place at a crowded party, the co-defendant brothers were very similar in appearance, and both brothers' best defense was that the other brother did it. The court denied the motion to sever. At trial, the evidence was conflicting at best as to what the co-defendants looked like, what type of gun was used and which defendant committed the shooting. The victim first identified the petitioner as the person he saw shoot him, then subsequently identified the co-defendant as the shooter. The Commonwealth's witnesses, save Bridgette and Nevlina Scott, who had known the co-defendants since childhood, could not distinghuish between the two men. THere was no other person possibly involved in this shooting as a principal actor other than the petitioner and co-defendant. There was virtually no evidence of joint venture. Due to vague and changing evidence of which defendant was the shooter, the joinder of the mens' trials improperly allowed the Commonwealth to argue joint venture, substituting this unfounded theory for sufficient evidence of petitioer's culpability as the shooter.

B. Ground two: The state court's denial of the petitioner's motion for a required finding of not guilty constituted an unreasonable determination of the facts in light of the evidence presented in the state court proceedings because the evidence was insufficient to convict the petitioner of assault and battery by means of a dangerous weapon as a joint venturer.

Supporting FACTS (state *briefly* without citing cases or law): The only evidence presented at trial establishing that the co-defendants acted in concert was testimony by the victim describing a "nod" by the petitioner and the co-defendant during an altercation with a third party immediately preceding the shooting. The victim's characterization of the nod as one "in agreement" was vigorously objected to by co-defendant's counsel and the judge limited the testimony to what the witness saw and did with regard to the nod. The state court erroneously relied on this excluded evidence in reaching its decision to affirm the petitioner's conviction.

(5)

AO 241 (Rev. 5/85)

AO 241    (Rev. 5/85)

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing _____

   _____

   (b) At arraignment and plea _____

(6)

(c) At trial    Michael McEvilly, Esq.

    48 West Street, Leominster, MA 01453

(d) At sentencing    Michael McEvilly, Esq.

(e) On appeal    Frederic G. Bartmon, Esq.

    69 South Pleasant Street, Suite 201, Amherst, MA 01002

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12-27-03
Date

_____
Signature of Petitioner

(7)