UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SATRON PRIDGEN<br>    Petitioner, | )<br>)<br>)<br>) |  |
| v. | ) | Civil Action No. 04-10035-RWZ |
| PAUL VERDINI<br>    Respondent. | )<br>)<br>)<br>) |  |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Satron Pridgen.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted. Answering further the respondent states that the defendant was also indicted for armed assault with intent to murder and was found not guilty.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a)-(c) Admitted.

9(d) Admitted. Answering further, the respondent states that the petitioner raised a third claim to the Massachusetts Appeals Court: the admission of prior bad act evidence created a substantial

risk of a miscarriage of justice.

9(e)    Admitted.

9(f)(1-3).   Admitted.

9(f)(4).    The respondent states that he lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

10.    Admitted.

11.    Left blank by the petitioner.

12.    The respondent states that paragraph 12 contains legal argument and conclusions to which no response is required. To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph 12 of the petition insofar as they are inconsistent with the facts found by the Massachusetts Appeals Court in *Commonwealth v. Pridgen*, 54 Mass. App. Ct. 1110, 765 N.E. 2d 827 (2002).

13.    Left blank by petitioner.

14.    The respondent states that he lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 14.

15(c)-(e).    Admitted.

16.    Admitted.

17.    The respondent lacks the knowledge or information sufficient to admit or deny the allegations contained in paragraph 17.

And further answering the respondent has obtained transcripts from the petitioner's trial which will be supplied to the Court whenever deemed necessary. Pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent is filing a Supplemental Answer with the

following documents from the petitioner's state court proceedings:

1. Brief and Record Appendix for Appellant on Appeal to the Massachusetts Appeals Court (01-P-49).

2. Brief and Record Appendix for the Commonwealth of Massachusetts on Appeal to the Massachusetts Appeals Court (01-P-49).

3. *Commonwealth v. Pridgen*, 54 Mass. App. Ct. 1110, 765 N.E. 2d 827 (2002).

4. Application for further appellate review.

5. *Commonwealth v. Pridgen*, 437 Mass. 1103, 772 N.E. 2d 588 (2002)(Further Appellate Review Denied).

## **DEFENSES**

1. The petition contains claims which have not been exhausted in the state courts.

2. The petition fails to state a claim upon which habeas corpus relief can be granted.

3. In the alternative, the state court adjudication of the petitioner's claims was not contrary to nor an unreasonable application of clearly established Supreme Court law nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Susanne Reardon*

March 12, 2004

Susanne G. Reardon, BBO 561669
Assistant Attorney General
Criminal Bureau

3

>One Ashburton Place
>Boston, Massachusetts 02108
>(617) 727-2200, ext. 2832

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached documents was served upon defendant's counsel, Frederic Bartmon, 69 South Pleasant Street, Suite 201, Amherst, MA 01002 by first class mail, postage pre-paid, on March 12, 2004.

*Susanne Reardon*
Susanne G. Reardon
Assistant Attorney General

4