UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SATRON PRIDGEN,<br>    Petitioner,<br><br>v.<br><br>PAUL VERDINI,<br>    Respondent. | Civil Action No. 04-10035-RWZ |

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS

This memorandum of law is submitted in support of the respondent's Motion to Dismiss the habeas corpus petition filed by Satron Pridgen (the "petitioner"). As argued in this memorandum, the petition should be dismissed where the petitioner has failed to exhaust his available state court remedies as to ground one of his petition. *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). The respondent has not briefed his remaining defenses because the petitioner's failure to exhaust mandates dismissal of the entire petition.[1]

## PRIOR PROCEEDINGS

On January 14, 1999, a Worcester County, Massachusetts, grand jury returned indictments against the petitioner for the following offenses: assault and battery with a dangerous weapon, in violation of G.L. c. 265, §15A; and armed assault with intent to murder, in violation of G.L. c. 265,

---

[1] Since it is clear from the petitioner's Application for Further Appellate Review to the Supreme Judicial Court (contained in the Supplemental Answer filed with this memorandum, at Item No. 5) that the petitioner has failed to exhaust available state remedies, the respondent will not, in the interest of economy, address any additional affirmative defenses. Should this Court rule that the petitioner has exhausted his state remedies, the respondent respectfully requests thirty days from the date of receipt of this Court's order to file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

§18. See SA:1.[2] On November 17, 1999, after a jury trial, Sosman, J., presiding, the petitioner was found guilty of assault and battery with a dangerous weapon and not guilty of the remaining counts. See SA:1. On November 19, 1999, the trial judge sentenced the petitioner to nine to ten years in state prison. Id. On November 29, 1999, the petitioner timely noticed his appeal from his conviction. Id.

The petitioner appealed his convictions to the Massachusetts Appeals Court ("Appeals Court") and presented the following claims: (1) the joinder of the defendants' trials resulted in prejudice so compelling as to deny the petitioner a fair trial; (2) the Commonwealth presented insufficient evidence that the petitioner participated in a joint venture; and 3) the admission of prior bad acts evidence created a substantial risk of a miscarriage of justice. See SA:1. On April 8, 2002, the Appeals Court affirmed the petitioner's convictions in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. Commonwealth v. Pridgen, 54 Mass. App. Ct. 1110, 765 N.E.2d 827 (2002). See SA:3. The petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented the following claims: (1) the joinder of the defendants' trials resulted in prejudice so compelling as to deny the petitioner a fair trial; and 2) the Commonwealth presented insufficient evidence that the petitioner participated in a joint venture. See SA:4. On June 2, 2002, the SJC denied the petitioner's ALOFAR. Commonwealth v. Pridgen, 437 Mass. 1103, 772 N.E.2d 588 (2002). See SA:5. The petitioner filed a petition for writ of certiorari in the United States Supreme Court, and this petition was denied on November 12. 2002. Pridgen v. United States, 537 U.S. 1020 (2002).

---

[2] The respondent herein references his Supplemental Answer, containing the state court materials from the petitioner's trial and appeal, as "SA" followed by the exhibit number.

2

On January 7, 2004, the petitioner filed a petition for writ of habeas corpus with this Court. The respondent now files an Answer, Supplemental Answer, and Motion to Dismiss for Failure to Exhaust State Court Remedies together with this memorandum of law in support of his motion to dismiss.

## ARGUMENT

### THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES AS TO GROUND TWO OF HIS PETITION.

It is well-established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir. 1988), quoting United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925). See Rose v. Lundy, 455 U.S. 509, 518-19 (1982); Adelson v. DiPaola, 131 F.3d 259, 261-262 (1st Cir. 1997); Dougan v. Ponte, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). The exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." Rose, 455 U.S. at 518. See Duncan v. Henry, 513 U.S. 364, 365-366 (1995); Duckworth v. Serrano, 454 U.S. 1, 3 (1984); Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir. 1994), cert. denied, 513 U.S. 1129 (1995); Mele, 850 F.2d at 819. See also Ex parte Royall, 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution").

A claim in state court that contains a mere inkling of a federal claim, not one "likely to alert the court to the claim's federal nature," will not suffice for exhaustion purposes. *Nadworny v. Fair*,

3

872 F.2d 1093, 1098 (1st Cir. 1989), quoting *Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2d Cir. 1982) (en banc), *cert. denied*, 464 U.S. 1048 (1984). *See Scarpa v. DuBois*, 38 F.3d at 6. It also is not enough that all the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276-277 (1971). *See Duncan v. Henry*, 513 U.S. at 366. Indeed, "[t]he exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). It is the petitioner's heavy burden to demonstrate that his now claimed federal errors were fairly presented to the state's highest court. Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989). In order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with appropriate federal trappings such as:

> specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, ... such as would in all likelihood alert a reasonable jurist as to the existence of the federal question.

Id. at 1101. "The fewer the trappings that adorn a petitioner's state-court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." Adelson, 131 F.3d at 262.

In ground one, the petitioner claims that "The state court's decision to join the petitioner's and co-defendant's trials constituted an unreasonable application of clearly established federal law and was based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding, resulting in prejudice so compelling as to deny the petitioner a fair trial under the Fourteenth Amendment of the United States Constitution." Petition, p. 24.  In his application for further appellate review, the petitioner based his argument on Mass. R.Crim.P. 9(d) and *Commonwealth v. Moran*, 387 Mass. 644 (1982). S.A. 4.  The petitioner did not frame his claim in federal constitutional terms to the SJC.  The references in the *Moran* case cite to federal cases discussing rule 12 of the Federal Rules of Criminal Procedure, not to any specific provision of the United States Constitution. The SJC was thereby not sufficiently alerted to the federal nature of the claim. See e.g., *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987) ("oblique" invocation of phrase "due process" not enough).

Indeed, like the petitioner in *Mele v. Fitchburg District Court*, 850 F.2d 817 (1st Cir. 1988), this petitioner "ma[d]e no explicit constitutional argument," concerning his claims presented to this Court in ground one of his petition.  "[F]ederal habeas oversight is not a freewheeling construct.  It is dependent, among other things, upon all the claims asserted in the petition having been exhausted in the state courts." *Martens v. Shannon*, 836 F.2d at 717. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U.S. at 275, quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950). Because the petitioner has not "fairly presented the substance of this federal habeas claim to the state court before seeking federal review," *Gagne*, 835 F.2d at 7, his petition should be dismissed as containing an unexhausted claim.

5

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Susanne Reardon*
Susanne G. Reardon, BBO 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2832

Dated: March 12, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached documents was served upon defendant's counsel, Frederic Bartmon, 69 South Pleasant Street, Suite 201, Amherst, MA 01002 by first class mail, postage pre-paid, on March 12, 2004.

*Susanne Reardon*
Susanne G. Reardon
Assistant Attorney General