UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SATRON PRIDGEN,
    Petitioner,

v.                              Civil Action No. 04-10035-RWZ

PAUL VERDINI,
    Respondent.

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMSS

The petitioner, through counsel, hereby opposes the respondent's Motion to Dismiss the petitioner's petition seeking a Writ of Habeas Corpus. As a basis for this opposition, the petitioner states that all grounds for relief raised in this petition for Writ of Habeas Corpus have been previously raised before the Massachusetts State Court and that the petitioner has exhausted his available state court remedies.

## PRIOR PROCEEDINGS

On January 14, 1999, the petitioner, Satron Pridgen, was indicted by a Worcester County Grand Jury for one count of Armed Assault with Intent to Murder (Count One)[99-0019-1] and Assault and Battery by Means of a Dangerous Weapon (Count Two) [99-0019-2]. The petitioner's brother and co-defendant, Toraino Pridgen, was also indicted for

one count of Armed Assault with Intent to Murder (Count One), Unlawful Possession of a Firearm not at home or at work (Count Two) and Assault and Battery by Means of a Dangerous Weapon (Count Three).

On or about July of 1999, Toraino Pridgen moved to sever his trial from the petitioner's, arguing that he and the petitioner were planning to raise mutually antagonistic defenses, each portraying the other as the shooter. A hearing on Toraino Priden's Motion to Sever, in which the petitioner joined, was held before Superior Court Judge Martha Sosman on October 1, 1999. Judge Sosman denied the Motion to Sever. On November 8, 1999, Judge Sosman heard Satron Pridgen's Motion to Suppress photographic identifications. The Motion to Suppress was denied.

On November 15-17, 1999, the court held a jury trial on the instant indictments. At the close of the Commonwealth's case, both defense counsel moved for required findings of not guilty on all counts, and both motions were denied. Following trial, the petitioner was acquitted of Count One, and convicted of Count two. Toraino Pridgen was acquitted of Counts One and Two, and convicted of Count Three. Counsel for both defendants then moved orally to set aside the verdicts on the grounds that the Commonwealth advanced a theory of joint venture, without specifying which defendant was the joint venturer. Both defendants were convicted as joint venturers; neither was convicted on a theory of principal liability. The oral motions were denied.

On November 19, 1999, the petitioner was sentenced to not less that nine and no more than ten years, to be served at MCI Cedar Junction.

Following the trial, the petitioner filed a timely notice of appeal on November 29, 1999. Both defendants' appeals were docketed in the appeals Court on January 21, 2001.

On April 8, 2002, the Appeals Court issued a Memorandum and Order Pursuant to Rule 1:28, affirming the judgments of the lower court. Commonwealth v. Pridgen, 54 Mass. App. Ct. 1110, 765 N.E.2d 827 (2002). The Petitioner then filed an Application for Leave to Obtain Further Appellate Review in the Massachusetts Supreme Judicial Court. On June 2, 2002, the Supreme Judicial Court denied the petitioner's Application for Leave to Obtain Further Appellate Review. Commonwealth v. Pridgen, 437 Mass. 1103, 772 N.E.2d 588 (2002).

The petitioner then filed a petition for Writ of Certiorari in the United States Supreme Court, and this petition was denied on November 12, 2002. Pridgen v. United States, 537 U.S. 1020 (2002). The petitioner then filed a petition for Writ of Habeas Corpus with this Court on January 7, 2004.

On March 17, 2004 the Honorable Judge Rya W. Zobel, United States District Court for the District of Massachusetts, denied a Motion to Dismiss the petitioner's co-defendant, Toraino Pridgen's, Writ of Habeas Corpus for failure to exhaust state court remedies.

The petitioner now files this memorandum of law in opposition to the respondent's Motion to Dismiss the petitioner's Writ of Habeas Corpus for Failure to Exhaust State Court Remedies.

## ARGUMENT

### THE PETITION FOR HABEAS CORPUS SHOULD NOT BE DISMISSED AS ALL GROUNDS RAISED IN THE PETITION HAVE BEEN PREVIOUSLY RAISED BEFORE THE MASSACHUSETTS STATE COURTS AND THE PETITIONER HAS EXHAUSTED ALL HIS AVAILABLE STATE COURT REMEDIES.

Count One of the petitioner's Writ of Habeas Corpus should not be dismissed as the petitioner, Satron Pridgen, has exhausted all State remedies.[1] It is well established that there are a variety of ways in which the petitioner can fulfill the requirement of fair presentment to the state court. Adelson v. Dipaola, 131 F.3d 259, 262 (1st Cir. 1997) citing Nadworny v. Fair, 872 F.2d 1093, 1097-98 (1st Cir. 1989). A fair presentment may be made by 1) citing a specific provision of the Constitution; 2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; 3) reliance on federal constitutional precedents; 4) claiming a particular right specifically guaranteed by the Constitution; and 5) the assertion of a state law claim that is functionally identical to a federal claim. Nadworney 872 F.2d at 1099 - 1100. The question of whether the state court was adequately notified of the federal issues

---

[1] Count One of the petitioner, Satron Pridgen's, Petition for Writ of Habeas Corpus states:

"The State Court's Decision to Join The Petitioner's And His Co-Defendant's Trials Constituted An Unreasonable Application Of Clearly Established Federal Law And Was Based On an Unreasonable Determination Of The Facts In Light Of The Evidence Presented In The State Court Proceeding, Resulting In Prejudice So Compelling As To Deny The Petitioner A Fair Trial Under The Fourteenth Amendment Of The United States Constitution."

(Petition for Writ of Habeas Corpus, p. 24)

should not depend on "ritualistic formality" id. at 1097. It is not necessary that petitioner, in the state court, actually cite the actual section of the Constitution violated as long as the state court is alerted to the existence of the federal question. See, Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir., 1994); Clay v. Vose, 599 F.Supp 1505, 1510 (Mass. 1984). In determining if the petitioner properly alerted the state court of the federal claims, the court can look to all the prior proceedings in the state court. id.

In the present case, at every level of the state court system, the petitioner couched his claim in terms that remained largely unchanged, he described his claim as a violation of Due Process, denying him a fair trial by virtue of a prejudicial joinder. The petitioner has brought himself within the requirements of the fair presentment rule by his repeated claim that his Constitutional rights had been violated, by citing to federal precedent and by citing to state cases which are based in federal precedent. Furthermore, any state law claim that the petitioner presented was functionally identical to a federal-law claim thereby sufficiently effectuating a fair presentment of the latter claim. Nadworny v. Fair, 872 F.2d 1093, 1099 - 1100 (1st Cir. 1989).

In the Motion for Relief From Prejudicial Joinder and supporting affidavit, which the petitioner joined in, Toraino Pridgen and the petitioner argued to the trial court judge that the failure to sever the defendants' cases would deny both defendants a fair trial. (See A-4, page 8-9 of the Brief and Record Appendix for Appellant on Appeal to the Massachusetts Appeals Court, hereafter "MAC", which was submitted by the respondent as supplemental materials in support of his Answer to Petition for a Writ of Habeas

Corpus)[2]. The Motion to Sever was denied. (MAC, A-4, p.7) Thus, the petitioner first raised the issue of being denied a fair trial at the trial court level of the state court.

In the petitioner's appeal to the Massachusetts Appeals Court, he again argued that "[t]he joinder of the defendants' trials resulted in prejudice so compelling as to deny the appellant a fair trial." (MAC, p.20). The federal issues raised were a violation of the petitioner's Due Process. The petitioner went on to cite Commonwealth v. Moran, 387 Mass. 644 (1982). In Commonwealth v. Moran, the Massachusetts Supreme Judicial Court's decision to reversed the defendant's conviction was grounded in a discussion that the joinder denied the defendant a fair trial by violating his Due Process and Sixth Amendment right to confront witnesses against him. As such, the Supreme Judicial Court's legal analysis in Moran was grounded in federal precedent. The petitioner's cite to Moran raises the same federal issues. In support of his Constitutional analysis, the petitioner cites to that portion of the Moran case that cites to Rhone v. United States, 365 F.2d at 981 discussing the prejudicial effect of joinder of defendants. (MAC, pp. 21-22)

The respondent in the present case argues that Rhone v. United States, 365 F.2d 980, 981 (D.C. Cir 1966) deals only with the Federal Rules of Criminal Procedure. A more precise interpretation of the Rhone case is to state that the case discusses the Constitutional implication of an improper or prejudicial joinder pursuant to the Federal Rules of Criminal Procedure. In making his argument to the Appeals Court, the petitioner stated "[t]he joinder of the defendants resulted in an unfair verdict of the kind

---

[2] The respondent, Paul Verdini, submitted supplemental materials in support of his Answer to Petition for Writ of Habeas Corpus. Unless otherwise stated, the petitioner will cite to the page numbers in those supplemental materials supplied by the respondent.

proscribed by Moran and the Constitution. This prejudicial joinder created a substantial risk of a miscarriage of justice . . ." (MAC, pp. 24-25). In his Application for Further Appellate Review (hereafter "ALOFAR") to the Massachusetts Supreme Judicial Court (hereafter "SJC"), the petitioner argued, as he had in the Appeals Court, that his joinder of trial with that of the co-defendant resulted in prejudice so compelling as to deny the petitioner a fair trial and resulted in a violation of the defendants' Constitutional rights. (ALOFAR, p. 20). The petitioner argued:

> "[T]he joinder of the defendants created more than a danger that the jury would 'unjustifiably infer from the conflicting defenses alone that both defendants were guilty, . . . ' " [Commonwealth v] Moran, [387 Mass. 644 at] 659, citing Rhone v. United States, 365 F.2d 980, 981 (D.C. Cir. 1966)" (ALOFAR, p. 18).

The co-defendant's, Toraino Pridgen's, appeal to both the Massachusetts Appeals Court and the ALOFAR to the SJC tracked the petitioner's appeals, were decided at the same time, and raised the same issue - that the denial of the Motion to Sever deprived him of a fair trial. Toraino Pridgen has also filed a Petition for Writ of Habeas Corpus based on the prejudicial joinder denying him a fair trial.[3]

Upon Toraino Pridgen filing his Habeas Petition, counsel for the respondent filed a Motion to Dismiss for failure to exhaust state remedies. On March 17, 2004, the Honorable Judge Rya W. Zobel found that Toraino Pridgen had adequately exhausted his state remedies and denied the Motion to Dismiss.

---

[3] Toraino Pridgen, Petitioner v. Luis Spencer, et al., Respondents, Civil Action No. 03-12332RWZ.

The fact that the SJC had Toraino Pridgen's appeal before them at the same time that the petitioner did and that the same denial of a fair trial were made, further reinforces the fact that SJC was put on sufficient notice of the federal issues and was afforded the opportunity to correct their own constitutional errors made in the proceeding.

The requirement that a federal court not consider questions posed in a habeas petition until state remedies have been exhausted, is to ensure that state courts have the first opportunity to correct their own constitutional errors made in their proceedings and enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity. Rose v. Lundy, 455 U.S. 509, 518-519 (1982); Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir. 1988). In the present case, the goals behind the exhaustion principle have been met. As such, the Motion to Dismiss should be denied.

The petitioner has brought himself within the requirements of the fair presentment rule by his repeated claim that his Constitutional rights had been violated, by citing to federal precedent and by citing to state cases which are based in federal precedent. Furthermore, any state law claim that the petitioner presented was functionally identical to a federal-law claim thereby sufficiently effectuating a fair presentment of the latter claim.

Should this Court find that the petitioner's arguments, standing alone, do not satisfy the exhaustion concerns, the petitioner would respectfully request that the petitioner's case and Toraino Pridgen's cases be consolidated as they raised the identical Constitutional issues before the SJC and in the Writ of Habeas Corpus.

Should, however, this Honorable Court find that petitioner did not exhaust all state remedies with respect to ground one, the petitioner wishes to alert the Court that the

one-year statute of limitations set forth in the AEDPA, 28 U.S.C., § 2244(d)(1) has now run. Therefore, despite his counsel's good faith efforts to raise only exhausted claims, dismissal of the petitioner's Petition would have the unfair effect of barring him from obtaining habeas review of Ground Two. Should this Court find a "mixed petition," Petitioner respectfully requests that this Court hold the Petition in abeyance for thirty days for him to consult with counsel regarding waiving any unexhausted claim to thereby allow the present Petition to go forward with ground two. McGee v. Estelle, 722 F.2d 1206, 1214 (C.A. 5th Cir. 1984); Collins v. Auger, 577 F.2d 1107 (C.A. 8th Cir. 1978), cert. denied 99 S.Ct. 1057, 439 U.S. 1133, 59 L.Ed. 2d 96.

Respectfully Submitted,
SATRON PRIDGEN, PETITIONER

By   Frederic G. Bartmon, Esquire
BBO # 032490
ALLION, ANGIER & BARTMON, LLP
69 South Pleasant Street, Suite 201
Amherst, MA  01002
(413) 253 – 9700

Linda L. Pisano, Esquire
BBO # 557018
ALLISON, ANGIER & BARTMON, LLP
69 South Pleasant Street, Suite 201
Amherst, MA  01002
(413) 253 –9700

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached **Petitioner's Opposition to Respondent's Motion to Dismiss** was served upon Susanne G. Reardon, Assistant Attorney General at One Ashburton Place, Boston, Massachusetts 02108 by first class mail, postage pre-paid, on April 20, 2004.

*/s/ Linda Pisano*
Linda L. Pisano
ALLISON, ANGIER & BARTMON, LLP