UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10035-RWZ

SATRON PRIDGEN

v.

PAUL VERDINI

MEMORANDUM OF DECISION

June 30, 2004

ZOBEL, D.J.

On January 14, 1999, petitioner Satron Pridgen was indicted in state court on two

counts: (1) armed assault with intent to murder and (2) assault and battery with a

dangerous weapon.  In November of the same year, he and his brother, Toraino, were tried

before a jury; and he was convicted on count two, but acquitted on count one.  Petitioner

was subsequently sentenced to nine to ten years in state prison.  He appealed and the

Massachusetts Appeals Court affirmed his conviction.  Commonwealth v. Pridgen, 765

N.E.2d 827 (Mass. App. Ct. 2002) (unpublished opinion).  After the Massachusetts

Supreme Judicial Court denied his application for leave to obtain further appellate review

("ALOFAR"), Commonwealth v. Pridgen, 772 N.E.2d 588 (Mass. 2002), petitioner filed this

petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court.  He asserts

that: (1) the state court's decision to try him and his brother together denied him a fair trial

under the Fourteenth Amendment, and (2) the state court's denial of his Motion for a

Required Finding of Not Guilty was unreasonable because there was insufficient evidence

to convict him.  Respondent Paul Verdini moves to dismiss the petition because petitioner has failed to exhaust ground one.

"[O]ne who seeks to invoke the federal habeas power must fairly present--or do his best to present--the [federal] issue to the state's highest tribunal."  Mele v. Fitchburg District Court, 850 F.2d 817, 820 (1st Cir. 1988).  Where the petitioner does not explicitly state the federal nature of his claim, the focus is the "*likelihood* that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours."  Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989).  When a petitioner cites a state case in support of a supposedly federal claim, he "must bear the foreseeable risks inherent in deliberate stratagems: when available federal cases are shunned, the omission focuses attention on the state-law qualities of the claim and tends to conceal any federal issues."  Nadworny v. Fair, 872 F.2d 1093, 1099 (1st Cir. 1989).

That is exactly what happened here.  The Massachusetts Appeals Court's observation that "[t]he severance motion was presented to the judge not as a Bruton motion, see Bruton v. United States, 391 U.S. 123 (1968), but on the authority of" Commonwealth v. Moran, 442 N.E.2d 399 (Mass. 1982), is accurate.  Petitioner's appeal papers raise no federal claims.  (Pet.'s Appendix G).  Petitioner contends that his state law claim is functionally equivalent to a federal claim.  However, he "has the burden of demonstrating the clonal relationship of the federal and state claims which would have likely alerted the state tribunal to the federal nuances."  Nadworny v. Fair, 872 F.2d 1093, 1100 (1st Cir. 1989).  His argument to the state court that "[t]he joinder of the defendants' trials resulted in prejudice so compelling as to deny the appellant a fair trial" is insufficient.

2

(Pet.'s Opp'n at 6).  Id. at 1097 ("[W]e have held that merely alleging the lack of a fair trial" does not specify the violation of a specific federal right.)  It is clear that the Appeals Court did not see even a federal tinge in his claim.  Furthermore, his statement that "at every level of the state court system, the petitioner couched his claim in terms that remained largely unchanged . . . [,]" (Pet.'s Opp'n at 5), is borne out by his ALOFAR.  (Pet.'s Appendix H). He undoubtedly did not present the Supreme Judicial Court with the federal nature of ground one of his petition.  Therefore, Respondent's Motion to Dismiss the Petition for failure to exhaust all claims is allowed.

_____         /s/ Rya W. Zobel_____
       DATE                     RYA W. ZOBEL
                            UNITED STATES DISTRICT JUDGE